---

**PASCUAL MORALES MEJIA,**
      **Petitioner,**

   **v.**                          **Case No. 26-cv-515**

**MARKWAYNE MULLIN, et al.,**
      **Respondents.**

---

## DECISION AND ORDER

Pascual Morales Mejia commenced this case under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") in Juneau, Wisconsin. He alleges that he was wrongly classified as a noncitizen subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). On March 30, 2026, I ordered the United States to answer and show cause why Morales Mejia's petition should not be granted. For the reasons that follow, the petition for a writ of habeas corpus is granted.

## I. BACKGROUND

Morales Mejia is a Mexican national who entered the United States without inspection in June 2004 and lived thereafter in the country. He currently lives in Milwaukee, Wisconsin, with his wife, a lawful permanent resident, and his two children, both U.S. citizens. Until his arrest, Morales Mejia was the primary breadwinner for his family and did landscaping work in the Milwaukee area. From October 16, 2018, until October 15, 2022, Morales Mejia was granted deferred action from removal due to his application for a U-visa. At present, Morales Mejia does not have deferred action status.

In 2023, Morales Mejia pleaded no contest to a municipal violation of operating a vehicle while intoxicated. He was required to pay a fine, undergo an alcohol assessment

program, and his driver's license was revoked for six months. On January 14, 2026, Morales Mejia was arrested in Monroe County, Wisconsin, for driving his vehicle with a revoked license and for failure to install an ignition interlock device. Two days later, an ICE officer drafted an administrative warrant and Morales Mejia was transferred to ICE custody at the Dodge County Detention Facility in Juneau, Wisconsin.

On January 20, 2026, ICE commenced removal proceedings in the Chicago Immigration Court. Morales Mejia was charged as being inadmissible for being present in the United States without admission or parole and for not possessing a valid unexpired visa or other valid entry document. 8 U.S.C. §§ 1182(a)(6)(A)(i), (a)(7)(A)(i). On February 25, 2026, Morales Mejia filed an application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents. *See* 8 U.S.C. § 1229b(b)(1). He contends that he qualifies for this relief because (1) he has been continuously present in the United States for at least 10 years, (2) he has been a person of good moral character during such period, (3) he has not been convicted of certain offenses described in §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3), and (4) his removal would result in exceptional and extremely unusual hardship to his spouse and children who are citizens of the United States or lawful permanent residents. *See* 8 U.S.C. § 1229b(b)(1)(A)–(D).

Given this ostensible path to legal status and other equitable factors, Morales Mejia contends that he may receive a favorable bond determination if given a bond hearing. He hopes that his release will allow him more time to prepare for his immigration court hearing. He also believes that he may qualify for an employment authorization card which would allow him to return to work and support his family.

2

## II. DISCUSSION

This is the latest in a series of habeas petitions challenging the government's interpretation of 8 U.S.C. § 1225(b)(2)(A) so as to require mandatory detention of all noncitizens who were not admitted regardless of how long ago they entered the country. As of writing this decision, one panel of the Seventh Circuit has issued a non-binding decision suggesting that the government's interpretation is wrong. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061–62 (7th Cir. 2025). Two other circuits have decided in favor of the government's position. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Herrera Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

Judges within the Eastern District of Wisconsin have disagreed on this legal question. *Compare Ramirez Valverde v. Olson*, No. 25-cv-1502 (E.D. Wis. Oct. 29, 2025) (Conway, J.) (pending appeal) (petition granted); *López de la Cruz v. Schmidt*, No. 25-cv-1562 (E.D. Wis. Nov. 19, 2025) (Adelman, J.) (petition granted); *Hernandez Herrera v. Olson*, No. 25-cv-1994 (Joseph, J.) (E.D. Wis. Jan. 28, 2026) (petition granted) *with Cirrus Rojas v. Olson*, No. 25-cv-1437 (E.D. Wis. Oct. 30, 2025) (Ludwig, J.) (pending appeal) (petition denied); *Ugarte-Arenas v. Olson*, No. 25-cv-1721 (E.D. Wis. Dec. 8, 2025) (Griesbach, J.) (pending appeal) (petition denied).

I have consistently held that "mandatory detention under § 1225(b)(2)(A) applies only to noncitizens who are both 'applicants for admission' and are apprehended while actively 'seeking admission'—proximate in time and place to their most recent entry or attempted entry." *Calvette Chirinos v. Mullin*, No. 26-cv-369, 2026 WL 905416, *2 (E.D.

3

Wis. Mar. 30, 2026). Respondents ask me to reconsider my prior reasoning, or alternatively, to stay this case until the Seventh Circuit provides further guidance.

I have no reason to reconsider my past decisions at this time. I also find that staying this case would be inappropriate. *See Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936) (the court must balance competing interests in deciding whether to stay). Staying this case while Morales Mejia remains detained would preserve the status quo entirely in favor of respondents. It would, in essence, grant respondents relief akin to a preliminary injunction. Given my own prior rulings on the merits, and the Seventh Circuit panel finding that the government's position is "not likely to succeed," respondents would not win preliminary relief under the traditional four-factor test. *Castañon-Nava*, 161 F.4th at 1063; *Winter v. Nat. Res. Def. Couns.*, 555 U.S. 7, 20 (2008) (preliminary injunctions).

I again find that respondents' interpretation of § 1225(b)(2)(A) is incorrect. Morales Mejia was detained by ICE after living in Wisconsin for many years. He is not "seeking admission" as that phrase is used in § 1225(b)(2)(A) because his arrest occurred many years after his most recent entry into the United States. His detention is therefore properly classified under 8 U.S.C. § 1226(a) which entitles him to a fair opportunity to seek release on bond.

4

## III. CONCLUSION

I find that the petitioner's detention is "in violation of the Constitution or laws or treaties of the United States," specifically the Immigration and Nationality Act. 28 U.S.C. § 2241(c)(3). Therefore, **IT IS ORDERED** that the petition for a writ of habeas corpus is **GRANTED**. Petitioner must be afforded a bond hearing pursuant to 8 U.S.C. § 1226(a) within 10 days of the entry of this order.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2026.


/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge